[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that he was unfairly sentenced after a second trial to a penalty greater than that imposed on his first trial. On April 20, 1990, after a trial to the court, Dunn, J. the petitioner was found not guilty by reason of insanity of two counts of kidnapping in the second degree in violation of Conn. Gen. Stat. § 53a-94 and two counts of assault in the second degree in violation of Conn. Gen. Stat. § 53a-60 and was committed by Holzberg, J. on October 26, 1990 to the jurisdiction of the psychiatric security review board for a period of ten years. Conn. Gen. Stat. § 53a-13, 17a-580 through 17a-603. The petitioner initiated a petition for a writ of habeas corpus asking that the insanity acquittal be vacated and on August 16, 1994 the petition was granted by Higgins, J. who remanded the case for a new trial. On January 26, 1995 after a jury trial, Scheinblum, J. presiding, the petitioner was found guilty of the same charges and on March 3, 1995 the petitioner was sentenced to forty years of incarceration. The petitioner's appeal was affirmed on direct appeal.
The petitioner was arrested and convicted for the event from which evidence presented at his trial, a jury could reasonably I have found the following facts. On November 10, 1989, the defendant and his brother Brian resided at their mother's house in the town of Newington. Their mother, at that time, was I hospitalized. The defendant's other brothers, Timothy and Edward, and sister, Maureen Briggs, thought that their mother should be placed in a nursing home. The defendant disagreed.
That morning, Edward and Timothy arrived at their mother's house to clean out a room that Timothy had been using as an office. While they were moving the room's contents, the mail arrived, and Edward brought it in. The defendant accused Edward of taking mail that did not belong to him because the defendant believed that an envelope containing a large check had arrived for Brian. Edward and Timothy were in a bedroom. From the CT Page 6140 hallway, the defendant argued with them about the mail. He then pulled a gun from his clothing and fired a shot, which struck no one and lodged in the back wall of the bedroom. The defendant entered the bedroom, locked the door, and ordered Edward and Timothy to get down on the floor. He asked Brian, who was in the hallway, to telephone the Federal Bureau of Investigation (FBI). When Brian refused, the defendant tried to place the call himself but instead reached the Newington police department.
Newington police officer Michael Tkac responded to the telephone call. The defendant told Tkac that he was holding Edward and Timothy for mail fraud, and that he would release them only to the FBI. Other officers, including a special weapons and tactics police team, arrived at the house. The defendant demanded that the FBI, Attorney Edward Daly, and a court reporter arrive by 1 p. m. or else he would shoot Edward. At 12:50 p. m., the FBI had not arrived, and the defendant shot Edward in the wrist, breaking a bone. The defendant set another deadline of 3 p. m., threatening to shoot Timothy if the persons he requested had not arrived. The defendant asked for certain documents from his briefcase, which were passed under the door to him. At approximately 2:50 p. m., the defendant shot Timothy in the hand, injuring bones and ligaments. State v. Connelly,46 Conn. App. 486, 489, 700 A.2d 694 (1997),cert. denied, 244 Conn. 907, cert. denied,244 Conn. 908.
The petitioner called himself as a witness and produced various exhibits including the transcripts of the commitment remarks of Judge Holzberg and the sentencing remarks of Judge Scheinblum.
The petitioner claims that the sentence imposed upon him of forty years is a violation of due process in that it is so much greater than the original sentence of ten years, demonstrating the appearance of vindictiveness for having successfully challenged the first trial. North Carolina v. Pearce,395 U.S. 711. Our Connecticut Supreme Court recognizing that other factors exist for imposing a greater sentence after trial than were the terms of a plea bargain, now requires the trial court to articulate the objective criteria upon which it relies. State v.Coleman, 242 Conn. 523, 541. "Although the petitioner was confined pursuant to an adjudication in the criminal justice system, our Supreme Court has held that the confinement of insanity acquitees . . . is not punishment for a crime." Payne v.CT Page 6141Fairfield Hills Hospital, 215 Conn. 675, 684; Warren v.Commissioner of Mental Health, 43 Conn. App. 592, 597. Judge Holzberg was aware that the petitioner, as a committed acquitee, is entitled to release when he has recovered his sanity or is no longer dangerous. He stated in the commitment proceedings "It's I (the commitment term) not fixed in stone like a prison sentence is. If I give him five years or eight years or ten years, it could be shortened or elongated by virtue of the State filing the petition or your brother filing a petition. I do feel that I have to set a commitment which gives your brother some hope and a sense that maybe there is a future ahead and some reason to participate in treatment." Therefore there is no basis for a presumption of vindictiveness that the second sentence is heavier than the first sentence.
Where the presumption does not apply the defendant must affirmatively prove actual vindictiveness. State v. Coleman,
supra, 537. The petitioner has failed to carry that burden. Judge Scheinblum stated in his sentencing remarks that he had read the pre-sentence report, read into the record an empathetic letter from the petitioner's aunt, knew of the petitioner's Vietnam service but was concerned with the denial of the petitioner that he was dangerous and that he refused treatment. He placed on the record logical, non-vindictive reasons for the sentence. Id. 549.
For the above reasons, the petition is denied.
Thomas H. Corrigan Judge Trial Referee